UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CEBON GREEN PAPAYA RESTAURANT, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-06707-JCS<br><br>**ORDER TO SHOW CAUSE WHY EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT SHOULD NOT BE DENIED AS TO REQUEST FOR PREJUDGMENT INTEREST** |

Plaintiff brings an ex parte application ("Application") asking the Court to vacate the dismissal in this case and enter a stipulated judgment based on Defendant's default under the parties' settlement agreement. *See* Johnson Decl., Ex. 1 (settlement agreement). The settlement agreement provides that in the case of default, a stipulated judgment may be entered if Defendant has not cured the default within five days after notice to cure has been sent to Defendant at the physical and email addresses listed in the settlement agreement. *Id.* ¶ 5. Pursuant to the settlement agreement, Defendant in this case signed a stipulated judgment at the time it entered into the settlement agreement. Johnson Decl., Ex. 2.

Plaintiff has presented evidence that of the total damages of $13,000 provided for under the settlement agreement, which were due no later than December 9, 2021, $11,500 remains unpaid. Johnson Decl. ¶ 8. He has also presented evidence that Defendant has failed to cure despite being given notice of default, in the form of a letter and email dated February 21, 2023. *Id.* ¶ 4 & Ex. 3 (notice of default letter and proof of service). Plaintiff seeks entry of judgment against Defendant and an award of $14,300, that is, $11,500 in unpaid damages, $1,500 in liquidated damages and $1,300 in prejudgment interest. Application at 1.

While Plaintiff has adequately supported his request for unpaid damages and liquidated

1  damages, the basis for Plaintiff's request for $1,300 in interest is unclear.  Neither the settlement
2  agreement nor the stipulated judgment signed by Defendant when it entered into the settlement
3  agreement specifies the method for calculating interest or whether interest commences on the date
4  each payment was due or some other date, such as the date when Plaintiff was entitled to entry of
5  the stipulated judgment (*ie.,* five days after notice to cure was given, that is, February 26, 2023).
6  The Court also notes that the language of the settlement agreement suggests that the 10% interest
7  rate applies to both liquidated damages and the amount of actual damages that are unpaid while
8  the stipulated judgment suggests that the 10% per annum interest calculation will not include
9  interest on liquidated damages.  Compare Johnson Decl., Ex. 1 (Settlement Agreement) ¶ 5
10 (providing for 10% interest "on the unpaid balance and the liquidated damages") with Johnson
11 Decl., Ex. 2 (Stipulated Judgment) (providing for entry of judgment for "the principal sum of
12 $13,000 with interest in the sum of 10% per annum, plus $1,500 as liquidated damages, less any
13 payments made.").[1]

   Here, Plaintiff appears to have requested a flat 10% of the underlying damages amount in
14 interest -- without regard to the amount Defendant paid ($1,500) in damages or any particular
15 period of time that has passed since his entitlement to prejudgment interest arose (whenever that
16 might be). Alternatively, the $1,300 requested may reflect a flat 10% of the total of unpaid
17 damages ($11,500) and liquidated damages ($1,500) – even though the stipulated judgment signed
18 by Defendant does not seem to provide for interest on liquidated damages.  Accordingly, Plaintiff
19 is **ORDERED TO SHOW CAUSE**: 1) why the interest provision in the settlement agreement is
20 not unenforceable because it is so vague that there was no meeting of the minds as to that
21 provision; and 2) even assuming the interest provision is enforceable, why the requested amount is
22 consistent with the parties' agreement.  **Plaintiff's response shall be filed by April 24, 2023.**   In
23 his response, Plaintiff may stipulate that he is seeking entry of judgment only in the amount of
24 $13,000 and is not asking the Court to award prejudgment interest. To the extent Plaintiff seeks an
25 award of prejudgment interest on top of the outstanding settlement amount and liquidated

---

[1] Oddly, the language in the stipulated judgment, read literally, seems to suggest that interest is to be calculated on the entire amount of damages provided for under the settlement agreement, including amounts that were paid timely.

2

damages, however, Plaintiff should provide in his response a **precise calculation that addresses the starting and ending dates of the period on which interest is calculated.**

**IT IS SO ORDERED.**

Dated: April 11, 2023

JOSEPH C. SPERO
United States Magistrate Judge